JUDGE DANIELS

12 CIV 4656

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
PETER ENEA, VICTOR MCLEAN, CHANTAY
DINGLE-EL, KENNY ALTIDOR, individually
and on behalf of others similarly situated,

Plaintiffs,

V.

BLOOMBERG L.P.,

Defendant.



## COMPLAINT

**INTRODUCTION**

1.      This is a Fair Labor Standards Act collective action and a New York Labor Law

Rule 23 class action brought by help desk call center employees ("GTEC Reps" or

"Global Technical Support Representatives") for Defendant's unlawful refusal to pay

overtime at the rate of time and one half for all hours worked over forty in a work week.

2.      Plaintiffs seek unpaid overtime wages, liquidated damages, costs and attorneys'

fees as well as declaratory relief under the Fair Labor Standards Act (FLSA), 29 U.S.C.

§201 *et seq.* and New York Labor Law §§652, 663 and implementing regulations

including but not limited to 12 NYCRR part 142.

**JURISDICTION**

3.      Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor

Standards Act, by 28 U.S.C. §1331, this action arising under laws of the United States,

and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce.

4.      This Court has supplemental jurisdiction over any state claim raised by virtue of

28 U.S.C. §1367(a).

**VENUE**

5.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b). Plaintiffs worked for Defendant in this District. The cause of action arose in this District. Plaintiffs reside in this District. Defendant resides in this District.

**PARTIES**

    **A.  Plaintiffs**

6.  The named Plaintiff ENEA was an employee of Defendant. A Consent to Sue for this named Plaintiff is attached at the back of this complaint.

7.  The named Plaintiff MCLEAN was an employee of Defendant. A Consent to Sue for this named Plaintiff is attached at the back of this complaint.

8.  The named Plaintiff DINGLE-EL was an employee of Defendant. A Consent to Sue for this named Plaintiff is attached at the back of this complaint.

9.  The named Plaintiff ALTIDOR was an employee of Defendant. A Consent to Sue for this named Plaintiff is attached at the back of this complaint.

10.  Plaintiffs ENEA, DINGLE-EL, AND ALTIDOR are residents of NEW YORK. Plaintiff MCLEAN is a resident of New Jersey.

11.  Plaintiffs were engaged in commerce while working for Defendants.

12.  The named Plaintiffs represent a class of call center telephone support staff (with titles including but not limited to "Global Technical Support Representative") who were not paid time and one half for hours over 40 worked in one or more weeks.

13.  The term "Plaintiffs" as used in this complaint refers to the named Plaintiffs, any additional represented parties pursuant to the collective action provision of 29 U.S.C.

§216(b), and to such members of the class brought pursuant to Fed. R. Civ. P. Rule 23, as described below, individually, collectively, or in any combination.

### B.    Represented Parties under the FLSA

14.    The named Plaintiffs bring this case as a collective action for class members consisting of "Global Technical Support Representatives" in the U.S. who worked more than 40 hours in a pay week without payment of overtime at the rate of time and one-half within the three years preceding the filing of a consent to sue by such individual.

### C.    Class Plaintiffs under the New York Overtime Law

15.    The named Plaintiff brings this case as a Rule 23 Class Action for class members consisting of "Global Technical Support Representatives" working in New York who worked more than 40 hours in a pay week without payment of overtime at the rate of time and one-half at any time within the six years preceding the filing of this Complaint.

16.    Upon information and belief, the class is composed of more than fifty individuals.

17.    There are questions of law and fact common to the class, including but not limited to whether the Plaintiffs were entitled to overtime premium pay, whether the Plaintiffs worked off the clock, whether the Defendant required Plaintiffs to work at home, whether the Defendant suffered or permitted Plaintiffs to work at home, whether the Defendant gave Plaintiffs "comp time" in lieu of overtime.

18.    The claims of the named Plaintiffs are typical of the claims of the class.

19.    The named Plaintiffs and their counsel will adequately protect the interests of the class.

20.     Common questions of law or fact predominate over individual questions and a class action is superior to other methods for the fair and efficient adjudication of the controversy.

### D.     Defendant

21.     Defendant BLOOMBERG L.P. is a Delaware company registered in New York. The Defendant lists its business address as 731 Lexington Avenue, New York, New York 10022.

22.     Defendant's business is a multinational mass media corporation that provides financial software tools such as analytics and equity trading platforms, data services and news to financial companies and organizations around the world through the Bloomberg Terminal.

23.     Upon information and belief, Defendant grossed more than $500,000 in the past fiscal year.

24.     Defendant operates an enterprise engaged in commerce within the meaning of the FLSA.

### FACTS

25.     Plaintiffs are or were employed by Defendant.

26.     Plaintiffs ENEA, MCLEAN, DINKLE-EL AND ALTIDOR were employed by Defendant in New York City.

27.     Plaintiffs were primarily employed by Defendant to provide technical support for Defendant's customers who lease Bloomberg Terminals and were having problems with their terminal and/or software products.   Plaintiffs generally have the position title of "Global Technical Support Representative."

28.     Plaintiffs regularly worked more than 40 hours per week for Defendant.

29.     Plaintiffs were generally scheduled for five eight hour shifts (with an unpaid lunch hour during the work day).

30.     Plaintiffs were required to be at work before their shift began to log into Defendant's computer system.

31.     Plaintiffs were required to work past the end of their shifts to complete calls.

32.     Plaintiffs were required to work during their lunch hours to complete calls.

33.     Plaintiffs were required to work at home doing trainings, preparing for certifications, updating the BWIKI database, and responding to emails, among other tasks for the benefit and convenience of Defendant.

34.     Plaintiffs generally worked approximately ten or more hours of extra work each week without receiving overtime compensation.

35.     Defendant knew or should have known that Plaintiffs worked beyond their shift.

36.     Defendant suffered or permitted Plaintiffs to work for its benefit beyond their shift.

37.     Defendant required Plaintiffs to work on weekends and holidays in addition to their regular shift, for which Defendant failed to pay overtime, but for which it allowed Plaintiffs to take "comp time" in a later pay week.

38.     Plaintiff ENEA worked for Defendant beginning on or about 1999. His employment with Defendant ended on or about May 2010.

39.     Plaintiff MCLEAN worked for Defendant beginning in or about March 2000 and ending in or about January 2012.

40.    Plaintiff DINGLE-EL worked for Defendant beginning in or about February 2007. Her employment with Defendant ended on or about January 2012.

41.    Plaintiff ALTIDOR worked for Defendant beginning in or about October 2006. His employment with Defendant ended on or about March 2012.

42.    Defendant paid Plaintiffs a salary rate for all hours worked.

43.    The salary paid to Plaintiffs by Defendant was intended to cover a forty hour workweek.

44.    Defendant failed to pay Plaintiffs overtime compensation at the rate of time and one-half for all hours worked over 40 in a workweek.

45.    Defendant failed to pay Plaintiffs any compensation for their hours over 40 worked in a work week.

46.    Defendant's failure to pay Plaintiffs the proper wages required by law was willful.

47.    All actions and omissions described in this complaint were made by Defendant directly or through its supervisory employees and agents.

## CAUSES OF ACTION

## (OVERTIME)

37.    Defendant failed to pay premium overtime wages to the Plaintiffs in violation of the Fair Labor Standards Act, 29 U.S.C. §203, 207 et seq. and its implementing regulations.

38.    Defendant's failure to comply with the FLSA caused Plaintiffs to suffer loss of wages and interest thereon.

39.     Defendant failed to pay overtime to the named Plaintiffs and other New York

        Plaintiffs in violation of New York Labor Law Articles 6 and 19 and their

        implementing regulations, including but not limited to 12 NYCRR Part 142

40.     Defendant's failure to pay proper overtime wages for each hour worked over 40

        per week was willful within the meaning of 29 U.S.C. §255 and Labor Law §662.

41.     Defendant's failure to comply with the NY Labor Law minimum wage and

        overtime protections caused New York Plaintiffs to suffer loss of wages and

        interest thereon.

WHEREFORE, Plaintiffs request that this Court enter an order:

        A.      Declaring that the Defendant violated the Fair Labor Standards Act and

                New York Labor Law;

        B.      Declaring that the Defendant's violations of overtime protections were

                willful;

        C.      Granting judgment to the Plaintiffs for their claims of unpaid wages as

                secured by the Fair Labor Standards Act as well as an equal amount in

                liquidated damages and awarding the Plaintiffs' costs and reasonable

                attorneys' fees;

        D.      Granting judgment to the New York Plaintiffs for their claims of unpaid

                wages as secured by the New York Labor Law as well as an equal amount

                in liquidated damages and awarding the Plaintiffs' costs and reasonable

                attorneys' fees; and

        E.      Granting such further relief as the Court finds just.

Dated: June 13, 2012

Respectfully Submitted,

Dan Getman (DG4613)
Getman Sweeney PLLC
9 Paradies Lane
New Paltz, NY 12561
(845) 255-9370

ATTORNEYS FOR PLAINTIFFS

# CONSENT TO SUE UNDER THE FLSA

I, Chantay Dingle-El,  hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., to secure any unpaid wages, overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment Bloomberg LP and any other associated parties. I authorize Getman & Sweeney, PLLC, Dan Getman, Esq., and any associated attorneys as well as any successors or assigns, to represent me in such action.

Dated: 6/13/2012

Chantay Dingle-El

# CONSENT TO SUE UNDER THE FLSA

I, Peter Enea,  hereby consent to be a plaintiff in an action under the Fair
Labor Standards Act, 29 U.S.C. §201 et seq., to secure any unpaid wages,
overtime pay, liquidated damages, attorneys' fees, costs and other relief
arising out of my employment Bloomberg LP and any other associated
parties. I authorize Getman & Sweeney, PLLC, Dan Getman, Esq., and any
associated attorneys as well as any successors or assigns, to represent me in
such action.

# CONSENT TO SUE UNDER THE FLSA

I, Victor McLean,  hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., to secure any unpaid wages, overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment Bloomberg LP and any other associated parties. I authorize Getman & Sweeney, PLLC, Dan Getman, Esq., and any associated attorneys as well as any successors or assigns, to represent me in such action.

Dated: 6/11/12

Victor McLean

# CONSENT TO SUE UNDER THE FLSA

I, Kenny Altidor, hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., to secure any unpaid wages, overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment Bloomberg LP and any other associated parties. I authorize Getman & Sweeney, PLLC, Dan Getman, Esq., and any associated attorneys as well as any successors or assigns, to represent me in such action.

Dated: 6/13/2012

_____
Kenny Altidor